**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roberta A. Sabo,  ) | No. CV 12-00793-PHX-FJM |
|      Plaintiff,  ) | **ORDER** |
| vs.  ) | |
| Michael J. Astrue, Commissioner of the )<br>Social Security Administration,  ) | |
|      Defendant.  ) | |

We have before us plaintiff's opening brief (doc. 14), defendant's response brief (doc. 17), and plaintiff's reply brief (doc. 18).

This case arises from a denial by the Social Security Administration of an application for a period of disability insurance benefits and supplemental security income filed by plaintiff on March 24, 2009, alleging disability beginning on January 1, 2003.[1] The claims were denied initially and upon reconsideration. After a hearing on January 20, 2011, the administrative law judge (ALJ) issued a decision denying benefits. The decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then filed this action for judicial review under 42 U.S.C. § 405(g).

A district court may set aside a denial of benefits "only if it is not supported by

---

[1] Plaintiff later amended her alleged onset date to January 1, 2006.

1  substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954
2  (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as
3  a whole, a reasonable person might accept as adequate to support a conclusion. Where the
4  evidence is susceptible to more than one rational interpretation, one of which supports the
5  ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

6  The ALJ followed the five-step sequential evaluation process for evaluating disability
7  claims. He found that plaintiff had severe impairments of degenerative disc disease, history
8  of brain aneurysm, cognitive disorder, depressive disorder, and anxiety disorder. Tr. 24. He
9  concluded, however that plaintiff's allegations of disabling limitations were not fully
10 credible, and that plaintiff could do a range of unskilled medium work consistent with the
11 ALJ's hypothetical to the vocational expert, including small products assembler and apparel
12 stock checker. Tr. 30. Therefore, the ALJ concluded that plaintiff is not disabled under the
13 Social Security Act.

14 Plaintiff raises one challenge to the ALJ's decision: Whether the ALJ erred by failing
15 to address two vocational reports by Dorothy Fune, a vocational consultant. Ms. Fune
16 concluded that plaintiff was unable to return to her prior work as a bookkeeper, or other
17 clerical positions, due to poor numeric processing speed and accuracy. Tr. 279-80. She also
18 concluded that plaintiff's visual processing speed is too low for any work that required a
19 standard pace or production to be met. In a post-hearing addendum, Ms. Fune opined that
20 plaintiff did not have the ability to perform the jobs described by the vocational expert. Tr.
21 285-87.

22 Although the ALJ stated that he considered the "entire record," he did not discuss Ms.
23 Fune's reports in his decision. The Appeals Council considered plaintiff's argument that this
24 was error, but declined plaintiff's request for review. Specifically, the Appeals Council
25 noted that, not only is Ms. Fune not an acceptable medical source, but she based her
26 assessment on plaintiff's subjective reports, which the ALJ found were not fully credible.
27 Tr. 2.

28 Vocational consultants like Ms. Fune are considered "other sources," whose opinions

1  may be discounted with germane reasons. 20 C.F.R. § 404.1513(a), (d); Molina v. Astrue,
2  674 F.3d 1104, 1117 (9th Cir. 2012).  Even if the ALJ failed to give germane reasons for
3  rejecting Ms. Fune's reports, any error was harmless given that Ms. Fune's reports were
4  largely based on plaintiff's self-assessments.  The ALJ provided well supported reasons for
5  concluding that plaintiff's allegations are not fully credible.

6        The ALJ first found that plaintiff's assertions of disabling mental limitations were
7  contradicted by brain scan evidence that showed no acute processes, and neurological
8  examinations which were normal.  Tr. 28, 353-54, 357, 362, 385, 394.  Moreover, plaintiff's
9  complaints of extreme limitations in memory, concentration, persistence, and pace were
10 inconsistent with Dr. Tromp's finding that plaintiff had low-average memory, and sustained
11 concentration and persistence.  Tr. 25, 308.  Plaintiff's allegations of disabling physical
12 limitations were also contradicted by evidence that she had only "mild" degenerative arthritis
13 in her back, her symptoms improved with treatment, and she engaged in strenuous activities
14 including lifting heavy plants and hiking.  Tr. 25-26, 28, 211-218, 227-34, 248-55, 356, 405.
15 Her allegations of disabling visual and mental limitations were contradicted by evidence of
16 her daily activities, including reading, crocheting, paying bills, counting change, managing
17 her finances, driving and shopping.  Tr. 25, 27, 230-31, 251-52, 356, 405.  Therefore, the
18 ALJ's determination that plaintiff's subjective complaints are not fully credible is supported
19 by substantial and specific evidence in the record.  Importantly, plaintiff does not contest the
20 ALJ's credibility finding.

21       Failure to rely on Ms. Fune's opinion is also harmless in that the opinion is partially
22 based on the erroneous assumption that plaintiff was unable to return to work after her
23 surgery in 1999, when in fact plaintiff continued to work as a purchasing clerk for several
24 years following her surgery and, by her own admission, voluntarily stopped working in
25 December 2005 in order to help her parents move to New Mexico.  Further, Ms. Fune was
26 also under the mistaken impression that plaintiff had been unable to use a computer after her
27 surgery, when instead a 2009 medical report indicated that plaintiff had been "typ[ing] on
28 the computer all day long."  Tr. 351, 276, 279.  Finally, Ms. Fune conceded that there were

- 3 -

1  entry level jobs that plaintiff could perform but for plaintiff's self-assessed limitations due
2  to her back impairment.
3        We conclude that any error in the ALJ's failure to discuss Ms. Fune's report is
4  harmless given its inconsistencies with the rest of the record, and because it is largely based
5  on plaintiff's subjective complaints, which the ALJ properly discounted.
6        **IT IS ORDERED AFFIRMING** the Commissioner's decision denying disability
7  benefits.
8        DATED this 7th day of March, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge